21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Thomas W. RHODE, Plaintiff/Appellant,
v.
CITY OF WEST LAFAYETTE, et al., Defendants/Appellees.
 No. 93-2130.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
Decided April 7, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Thomas W. Rhode, a former employee of the City of West Lafayette ("City"), brings the present action against the City and several other defendants under the Solid Waste Disposal Act ("SWDA"), 42 U.S.C. Sec. 6971, and the Clean Water Act ("CWA"), 33 U.S.C. Sec. 1367, seeking to nullify a settlement agreement he had entered into with the City. Rhode had filed an action with the United States Department of Labor against the City, alleging that he was discriminated against in violation of the "whistle-blower" employee protection provision of the SWDA. An investigator of the Department of Labor found that Rhode had been discriminated against. Thereafter, Rhode and the City entered into a settlement and release agreement, which was approved by an Administrative Law Judge and subsequently, by the Secretary of Labor.[1] Ten months after the Secretary's approval, Rhode filed an action in the district court, challenging the Secretary's "Final Decision and Order Approving Settlement." The district court dismissed Rhode's complaint for lack of subject matter jurisdiction. --- F.Supp. ---- Fed.R.Civ.P. 12(h)(3). Rhode appeals.
 
 
 2
 Under both the SWDA and the CWA, original jurisdiction for review of the Secretary's final decision under the Acts is vested exclusively in the federal appellate courts. The SWDA's employee protection provision provides that the Secretary's orders under this provision "shall be subject to judicial review in the same manner as orders and decisions of the [EPA] Administrator or subject to judicial review under this chapter." 42 U.S.C. Sec. 6971. Judicial review under the SWDA is outlined in 42 U.S.C. Sec. 6976, which provides that judicial review may be obtained only in the United States Court of Appeals for the District of Columbia, or in limited situations, in other federal court of appeals. See also 29 C.F.R. 24.1 et seq. Similarly, judicial review of the Secretary's decisions under the CWA could be obtained only in "the Circuit Court of Appeals of the United States for the Federal judicial district in which such person resides or transacts such businesses." 33 U.S.C. Secs. 1367, 1369. Because the congressional intent to vest exclusive jurisdiction in the federal appellate courts is clear, and because nothing suggests that the proscribed remedy is inadequate, see 5 U.S.C. Sec. 703, the district court properly dismissed the present action for lack of subject matter jurisdiction. See General Finance Corp. v. FTC, 700 F.2d 366, 368 (7th Cir.1983) (litigant "may not bypass the specific method that Congress has provided for reviewing adverse agency action simply by suing the agency in federal district court under Sec. 1331 or 1337; the specific statuary method, if adequate, is exclusive"). See also Connors v. Amax Coal Co., Inc., 858 F.2d 1226, 1231 (7th Cir.1988).
 
 
 3
 Moreover, Rhode cannot indirectly obtain review of his claims by appealing the district court's dismissal to this court. Because Rhode has not filed a petition within the limitation periods proscribed by the SWDA or the CWA, we cannot review the merits of his claims. See Northside Sanitary Landfill, Inc. v. Thomas, 804 F.2d 371, 378 (7th Cir.1986) (the limitation period set forth in Sec. 6976(b) of the SWDA is jurisdictional); Arch Mineral Corp. v. Director, Officer of Workers' Compensation Programs, 798 F.2d 215, 216 (7th Cir.1986). Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Both Rhode's complaint before the Department of Labor and the Secretary's decision were based solely on the SWDA